(Superior Court of Cincinnati.)
General Term, 1897.

THE FOURTH NATIONAL BANK OF CINCINNATI v. JULIA HOPPLE et al.

Acting under authority of the probate court, F. invested for the benefit of his ward $19,600 in real estate, with the purpose of securing income-producing property. Money was borrowed from the plaintiff bank by F. as guardian, which was used in completing payment for the property so purchased, and when the ward became of age and accepted the transaction there was still due $4,000 on the loan secured from the bank. The building was afterwards destroyed by fire, and the present suit was brought by the bank, which seeks to be subrogated to the rights of F., its debtor, in proceeds from insurance on the property.

Held:—1. That the bank can not assert an equitable lien on the fund arising from the insurance.

2. That in any event the equity is with the ward to the extent that she is entitled to be made whole to the amount of the trust fund of her estate so invested by her guardian, before the bank as the creditor of F., her guardian, is entitled to the payment of $4,000, so borrowed from it by him.

HUNT., SMITH AND JACKSON, JJ., concurring.

This case came before the court on reservation from the Special Term.

In May, 1892, Charles H. Flach, as guardian of the defendant, Julia W. Hopple, then a minor, under the order and direction of the probate court for Hamilton county, Ohio, purchased for $19,600, in the name of Julia W. Hopple, his ward, and for her benefit, certain real estate, situated at the north-west corner of Twelfth and Jackson streets, in the city of Cincinnati, which was occupied by a building suitable to be rented. This purchase was authorized by the probate court for the purpose of changing the investment of the ward into income-bringing real estate, and a sale of certain stock of the Cincinnati Street Railway Company was ordered, at not less than the appraised value, which, however, could not then be sold because of the temporary decline in the

stock. The guardian in order to meet the payments upon the purchase until such time as the stock could rise in value, borrowed from the plaintiff, the Fourth National Bank of Cincinnati, the sum of $13,066.66, and gave his promissory note as evidence of such investment. The money was then used for the benefit of the ward. The stock afterwards rose in the market and was sold by the guardian for more than the appraised value, and all the money was repaid except the sum of $4,000, evidenced by a note to the plaintiff signed "Charles H. Flach, guardian of Julia W. Hopple." In May, 1895, the ward became of age, and the guardian filed his account, setting out the purchase and showing a balance of $4,000 due to the guardian, which account was affirmed by the court.

The ward exercised ownership over the property and accepted the transactions until March, 1896, when the property was destroyed by fire, and this suit was brought and the payment of the insurance money to the defendant, Julia W. Hopple, was enjoined, because the real estate alone without the building was not sufficient in value to pay the indebtedness of the plaintiff, and because the insurance money would, when collected, be mingled with other funds or placed beyond the reach of the plaintiff. It is alleged that the guardian is hopelessly insolvent and has no funds either of his ward or his own to pay this debt.

In addition to the facts thus alleged in the petition an amendment to the petition was filed, stating that the account filed in the probate court by Charles H. Flach, as guardian, showed a balance due from the estate of the ward to Charles H. Flach in addition to the amount of $4,000, with interest, borrowed from the Fourth National Bank as alleged.

On the night of March—, 1896, the building upon the real estate was entirely destroyed by fire. The premises were insured to a large amount by various insurance companies, which are made parties defendant to this action, and there is due by reason of loss by fire from the respective companies, the sum of $10,700.

The ground on which the building stood is of doubtful value, and it is claimed by the plaintiff that the value is insufficient to pay the amount now due on it. It is claimed that at the time Julia W. Hopple assumed control of the property it was worth all, if not more, than the guardian paid for it.

A temporary injunction was granted at the commencement of the action restraining the collection of the insurance money. There are pending also a general demurrer to the petition of the plaintiff, a motion on the part of the defendant to dissolve the temporary restraining order heretofore issued, and a motion on the part of the plaintiff for the appointment of a receiver.

It is conceded by the plaintiff that the mere borrowing of the money by Charles H. Flach, the guardian, created no liability of itself against either the estate or the person

of Julia W. Hopple. It is the contention that the only one personally liable to the plaintiff was Charles H. Flach, individually, who was entitled to a credit in his accounts for the sum so advanced, and is entitled in equity to have said sum returned to him out of the assets of the estate of the ward, it appearing that he was not otherwise in default to the estate. It is furthermore claimed that Charles H. Flach is insolvent, and that it is impossible for the plaintiff to obtain the money from him: that the The Fourth National Bank, the plaintiff, is entitled to recover out of the estate what Charles H. Flach would be entitled to receive, and to receive it in the same manner. The rights of the Fourth National Bank, in a word, are dependent upon the rights of Charles H. Flach, and the bank is entitled to be subrogated to such rights.

It is urged that because Charles H. Flach contracted this debt as guardian, used the money to benefit the estate under circumstances which were lawful and which would entitle him to reimbursement, and because he is insolvent, the Fourth National Bank, can, by a decree of this court, be subrogated to this right of reimbursement.

It is admitted, on the other hand, that the guardian has filed his account. that the same has been confirmed, and that, in his settlement, the guardian was found to be entitled to be reimbursed for the $4,000 that he had borrowed from the plaintiff; and that Charles H. Flach has some claim upon Julia W. Hopple, the nature and extent of which must be determined by a court of general chancery jurisdiction.

It is denied, however, that the case presented is one of "advances" by a trustee, as that term is understood with reference to reimbursement. An "advance," it is claimed, by a trustee has reference strictly to expenses, out-lays or payments in liquidation of the valid debts of the estate itself, as counsel fees, costs, the personal needs of the ward, repairs, and under certain conditions, improvements, for the making of which the trust fund was insufficient for the time being, and that the plaintiff can not reach the fund arising from the insurance policies by the substituting decree of a court of equity.

It is insisted by the defendant that there was never any authority in law for the purchase of the real estate in question, and that no subsequent ratification, if there was any such ratification, could in any way validate the transaction and create a lien on the insurance money.

The real question to be considered is the relative rights between a trustee and a cestui que trust as to a transaction wherein the trustee, in purchasing real estate for the sum of $19,600, has mixed some $4,000 of his own money with some $15,600 belonging to the trust.

It is the opinion of the court, after a careful review of the authorities touching the doctrine of subrogation and the effect of ratification, both of which questions have been ably presented by counsel:

First. That under the allegations of the petition, the plaintiff, The Fourth National Bank of Cincinnati, can not as the trustee of Charles H. Flach, assert an equitable lien on the fund arising from the insurance policies for reimbursement for the indebtedness of $4,000 of Charles H. Flach so borrowed from the bank.

Second. That in any event the equity is with Julia W. Hopple, the defendant, to the extent that she is entitled to be made whole to the amount of the trust fund of her estate invested in the real estate by her guardian, before the plaintiff, The Fourth National Bank, as the trustee of Charles H. Flach is entitled to the payment of the $4,000 so borrowed from the bank.

The demurrer is sustained, the motion of the defendant to dissolve the temporary restraining order is granted, and the motion of the plaintiff for the appointment of a receiver is refused. The cause is remanded for further proceedings.

L. C. Black and Morrison R. Waite, for The Fourth National Bank.

Outcalt & Granger, contra.